113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eryck C. ASTON, Plaintiff-Appellant,
v.
Lonnieta M. PROBST; Kevin Probst; Nykky Lahn, Defendants-Appellees.
 No. 96-16441.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1997.*
Decided May 9, 1997.
 
 Appeal from the United States District Court for the District of Nevada, No. CV-96-00322-LDG/RLR; Lloyd D. George, District Judge, Presiding.
 D.Nev.
 REVERSED.
 Before: FLETCHER, REINHARDT and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Eryck C. Aston, a California state prisoner, appeals pro se the district court's sua sponte dismissal for lack of jurisdiction of his action seeking damages for theft of his property. We reverse and remand.
 
 
 3
 Pursuant to 28 U.S.C. § 1332(a), federal courts have original jurisdiction over civil actions between citizens of different states where the matter in controversy exceeds $50,000. Aston alleged in his complaint that the defendants reside in Nevada, and that the matter in controversy exceeds $50,000. Although Aston did not specifically allege his own citizenship, he gave an Arizona prison mailing address and subsequently alleged in his "Appeal-Complaint" that he is a resident of Montana. Because Aston has met the requirements for diversity jurisdiction, we reverse and remand the district court's dismissal of his action. See Mann v. City of Tucson, 782 F.2d 793-94 (9th Cir.1986).
 
 REVERSED AND REMANDED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We reject Aston's baseless allegations of judicial bias, and deny his request that this case be remanded to a different district judge